## SETTLEMENT AGREEMENT

AGREEMENT made as of this 20th day of ~~September,~~ *October* 2004 by and between Robert Curran, Kevin Curran, and The MarketPlace Group (collectively, "Defendants") on one hand, and American City Business Journals, Inc. and MassTech Communications, Inc. (collectively, "Plaintiffs") on the other.

WHEREAS, Plaintiffs have asserted various claims against each of the Defendants arising out of the employment of Robert Curran at Mass High Tech and Defendants' alleged misappropriation of Plaintiffs' property;

WHEREAS, those claims are currently pending in an action before the U.S. District Court for the District of Massachusetts styled MassTech Communications, Inc. v. Robert Curran, Kevin Curran, and The Marketplace Group, Inc., Civil Action No. 04 CV 10604 NG (the "Litigation");

WHEREAS, Plaintiffs and Defendants desire and intend to resolve any and all disputes among them on the terms and conditions set forth herein and without admission by any party of any wrongdoing;

NOW, THEREFORE, Plaintiffs and each of the Defendants, in consideration of the mutual covenants set forth herein, hereby agree as follows:

1. Payment. Within ten days after the date this Agreement is signed by all parties, Defendants will pay $12,000 (the "Payment"), by ~~wire transfer~~ *overnight certified funds* to an account to be designated by Plaintiffs. ~~Defendants will bear all costs associated with the wire transfer~~

2. Records. Within ten days after the date this Agreement is signed by all parties, Defendants will deliver to counsel for Plaintiffs all of the documents* in their possession, custody or control responsive to Requests 7, 8, and 9 of the First Set of Requests for Production served by Plaintiffs in the Litigation on September 7, 2004. Defendants further agree to pay over, within ten days of demand by Plaintiffs made within thirty days of receipt of the documents, any amounts reflected in such documents for sales of any database product that is derived from or similar to any of Plaintiffs' products (the "Supplemental

*( documents are plaintiff's counsel and his client's inspection, not for general circulation around Mass High Tech or to third parties)

Payment").

3.    <u>Injunction and Dismissals</u>.    Upon the later of Plaintiff's receipt of the Supplemental Payment or its conclusion that no Supplemental Payment is due, the parties' counsel shall file in the Litigation (a) an Agreement for Judgment in which Robert Curran and Kevin Curran consent to judgment against them, and that shall extend the terms of the preliminary injunction currently in force as a permanent injunction against Robert Curran, Kevin Curran, and any person acting in concert with either of them; and (b) a Stipulation of Dismissal that shall dismiss all claims and counterclaims against The MarketPlace Group with prejudice, waiving all rights of appeal, with each party to bear its own costs.    Further, Robert Curran agrees to take such steps as may be necessary to dismiss with prejudice his appeal of the denial of unemployment benefits related to the termination of his employment with Mass High Tech.

4.    <u>Additional Obligations of The MarketPlace Group</u>.    In consideration of Plaintiffs' agreement to dismiss their claims against The MarketPlace Group, as specified in Paragraph 3, above, The MarketPlace Group agrees that neither it, nor any of its officers, directors, employees or agents, nor anyone else acting on its behalf, will at any time sell, offer for sale, market, promote, or incorporate into any product, any data derived from any database owned in whole or in part by Plaintiffs or any of their affiliates or subsidiaries.

5.    <u>Defendants' Release</u>.    Each of the Defendants, acting on his or its own behalf and on behalf of his or its estate, insurers, administrators, representatives, agents, attorneys, principals, successors and assigns (collectively and individually, the "Defendant Releasing Parties"), hereby releases and forever discharges Plaintiffs and each of their respective past and present members, officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, attorneys, predecessors, successors, heirs, and legal representatives (collectively and individually the "Plaintiff Released Parties"), from any and all debts, demands, actions, causes of action, suits, sums of money, contracts, controversies, agreements, promises, executions, liabilities, and any and all other claims of any kind, nature and description

whatsoever, both KNOWN and UNKNOWN, both in LAW and EQUITY, which the Defendant Releasing Parties (or any of them) has or ever had against any of the Plaintiff Released Parties (or any of them), jointly or severally, from the beginning of the world to the date of this Settlement Agreement, which arose before the date this Agreement is signed. The Defendant Releasing Parties and the Plaintiff Released Parties agree that these terms represent a full and final settlement of any and all claims the Defendant Releasing Parties may have arising out of their association with Plaintiffs, except that this Agreement shall not release or affect any rights any of the parties hereto may have under the terms of this Agreement.

6.    Plaintiffs' Release.  Effective upon the later of the receipt by Plaintiffs of the Supplemental Payment or its conclusion that no Supplemental Payment is due, Plaintiffs release, remise and forever discharge each of the Defendants and his or its estate, insurers, administrators, representatives, agents, attorneys, principals, successors and assigns (collectively and individually, the "Defendant Released Parties") from any and all claims, demands and causes of action of any kind, nature and description whatever, both KNOWN and UNKNOWN, both in LAW and EQUITY, which have been or could have been asserted against any of the Defendants as a result of Robert Curran's prior association with Plaintiffs and with respect to the claims asserted in the Litigation, apart from matters covered by the permanent injunction to be entered pursuant to Paragraph 3, above. Plaintiffs and Defendants agree that these terms represent a full and final settlement of any and all claims Plaintiffs may have against the Defendants through the date of this Agreement, but this Agreement shall not release or affect any rights any of the parties hereto may have under the terms of this Agreement or the permanent injunction to be entered by the Court.  This release shall not be effective if any of the Defendants fails to produce documents or to make the Supplemental Payment as required by and within the time specified in Paragraph 2, above.

7.    Nondisparagement.  Each of the Plaintiffs and each of the Defendants agrees not to take any action or make any statement, written or oral, that disparages any other party

to this Agreement, or that has the intended or foreseeable effect of damaging the reputation of any other party.

8.     Other Representations.  Plaintiffs and each of the Defendants acknowledges and represents as a material inducement to his or its entry into this Settlement Agreement that:

(a)     Each of the Plaintiffs, each of the Defendants, and their representatives executing this Settlement Agreement on their respective behalf have full legal right and authority to execute this Settlement Agreement without need for further approval, consent or permission by any person.

(b)     No right, ownership, or interest of any sort in any claim asserted in or relating to the subject matter of the dispute between the parties was or has ever been sold, assigned or transferred to any person not a party to this Agreement.

9.     Governing Law.  This Settlement Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Massachusetts, and shall be deemed to have been executed and delivered within the Commonwealth of Massachusetts.  The provisions of this Agreement may be enforced in any federal or state court in the Commonwealth of Massachusetts, and the parties agree to be subject to the jurisdiction of such courts.

10.     Modifications in Writing.  This Settlement Agreement may not be modified, amended or otherwise affected except by a writing signed by all parties hereto.

11.     Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original and said counterparts shall constitute but one and the same instrument which may be sufficiently evidenced by one counterpart.

12.     Entire Agreement.  This Agreement constitutes the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior and

contemporaneous oral and written agreements and discussions.

EXECUTED UNDER SEAL on the date and year set forth above.

Robert Curran

Kevin Curran

The MarketPlace Group

The MarketPlace Group

By: KEVIN M. CURRAN, VICE PRESIDENT

American City Business Journals, Inc.

By:

MassTech Communications, Inc.

By:

contemporaneous oral and written agreements and discussions.

EXECUTED UNDER SEAL on the date and year set forth above.

_____

Robert Curran


_____

Kevin Curran


_____

The MarketPlace Group
By:

_____

American City Business Journals, Inc.
By:    RAY SHAW
       PRESIDENT

_____

MassTech Communications, Inc.
By:    Whitney Shaw
       Vice President