IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSTECH COMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO.  04 CV 10604 NG |
| ROBERT CURRAN, KEVIN CURRAN ) | |
| and THE MARKETPLACE GROUP, INC. ) | |
| ) | **MOTION TO EXTEND TIME** |
| Defendants. ) | **TO OPPOSE MOTION** |
| ) | **FOR JUDGMENT** |
| ) | |

Defendants Robert Curran, Kevin Curran and the Marketplace Group, Inc. move to extend the time allowed for opposing the Plaintiff's pending Motion for Judgment filed by Plaintiff, and request that the present deadline of January 5, 2006 be extended to January 19, 2006.

New Counsel for Defendants, Lucy D. Lovrien, was recently hired and believes there are substantial, good grounds for opposing Plaintiff's motion.  The present deadline, agreed to by prior counsel for Defendants, is January 5, 2006.   On January 3, 2006 Attorney Lovrien spoke to Plaintiff's counsel Mark Batten and at that time Batten represented that he would agree to a two week extension of time, but that he also needed to check with his client.  It was not until late on January 4, 2006 that Attorney Batten informed Attorney Lovrien that in fact Plaintiff would not agree to any extension. Attorney Batten at that time also informed Defendant's counsel that he, Batten, had no present plans to oppose this Motion to Extend Time.

While the Motion for Judgment was electronically filed on November 28, 2006, Defendant's prior counsel was not registered electronically and did not receive a copy of said motion for at least a week after the electronic filing date.

The grounds for opposing Plaintiff's Motion for Judgment include the following, among other issues that may be raised by defendants: failure of consideration in the settlement agreement; the settlement agreement functions as a non-competition agreement and as such its perpetual term is against public policy; the settlement agreement's provision to make a preliminary injunction permanent is not enforceable and the injunction itself, should it become permanent, is not tailored to fit the potential harm to Plaintiff but rather is used as a weapon to prevent any competition from the Defendants' business; and the settlement agreement including the language of the present preliminary injunction is so broad and vague that it may be a per se violation of anti-trust law. Furthermore, the injunction presently in place is not specific enough to give Defendants fair notice of what is and is not prohibited to them, including the identities of those persons and entities that Defendants are ordered not to contact.

Finally, this court ordered the parties last July to try to negotiate a two year limit on part of the preliminary injunction, following execution of the settlement agreement. The parties intended to and actually began to negotiate, following execution, a term limit for the application of the settlement agreement, and the parties were also negotiating other specifics of settlement even after such agreement had been signed.

Plaintiff has not agreed to any reasonable time limit, despite Defendants' efforts. Defendants wish to raise issues as to whether it is suitable that all, or even some, of the terms of the injunction be made permanent, under the circumstances. Should any terms

become unlimited in time, Defendants would be subject to motions for contempt years from now, and this court would be required to entertain such motions.

In light of the fact that the agreement depends upon action by this court in the form of the entry of a permanent injunction, and in light of the court's order of July 25, 2005, it is vital that this court do more than simply transform the present injunction into a permanent injunction that could effectively bar Defendants from an entire business regardless of whether such business actionably harms Plaintiff. The fact that approximately twenty months have passed since injunctive relief was first given to Plaintiff must also be considered before any final and permanent relief is awarded by the Court. There are numerous equitable considerations that should limit the awarding of serious permanent injunctive relief to this Plaintiff.

Wherefore, Defendants ask that this Motion to Extend Time for two weeks be granted and a new deadline for opposition to the Plaintiff's Motion for Judgment be set as January 19, 2006.

Respectfully submitted,

**/s/ Lucy D. Lovrien**
Lucy D. Lovrien, Attorney at Law (BBO No. 555042)
Ten Winthrop Square
Boston, Massachusetts 02110
Phone: (617) 423-4050
Fax: (617) 617-426-5251

Dated: January 5, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 5, 2006.

**/s/ Lucy D. Lovrien**
Lucy D. Lovrien