IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSTECH COMMUNICATIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT CURRAN, KEVIN CURRAN )<br>and THE MARKETPLACE GROUP, INC. )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 04 CV 10604 NG |

**PLAINTIFF'S RESPONSE CONCERNING PROPOSED INJUNCTION**

Plaintiff MassTech Communications, Inc. ("MassTech") respectfully submits this brief response to the letter filed by defendants' counsel on April 7, 2006, to explain the basis for plaintiff's position that the injunction to be entered should not be limited in time as it relates to defendants' misappropriation of plaintiff's trade secrets.

MassTech brought this case after discovering that, for nearly his last full year as an underperforming salesperson for MassTech, defendant Robert Curran had been offering for sale at his own website a database product identical to MassTech's. So similar were the products that the product Curran was selling included the same typographical errors as MassTech's. MassTech had developed its database over a period of many years.

In the settlement agreement resolving this case, the defendants agreed (a) to pay a portion of MassTech's attorneys' fees, (b) to provide documentary proof that they had not earned any revenue from sales of MassTech's product, and (c) to accept a permanent injunction against defendants Robert and Kevin Curran that mirrored the preliminary injunction entered by the Court.

The defendants then decided, however, that they were dissatisfied with the agreement, and decided to renege on it. They turned to the Court with a request that they be excused from

/- Current/8442080v1

honoring the requirement that they be permanently enjoined from soliciting MassTech's customers. The Court ultimately agreed, in part, and directed the parties to prepare a modified injunction that would permit such solicitation after October 20, 2006.

That discussion, however, was centered around the reasonableness of a permanent nonsolicitation agreement. Never did MassTech contemplate that the Court would authorize the defendants to steal MassTech's trade secrets at the end of October. It was never part of the parties' settlement discussions that the defendants would ever gain authorization to use MassTech's database for their own commercial purposes. That defendants would seek Court permission for such a theft now is difficult to believe, but that is the plain import of the letter just submitted to the Court.

If there could be any doubt about the parties' intent on this point, the settlement agreement puts it to rest. The agreement expressly provides, in Section 4, that defendant The Marketplace Group – which otherwise was to be dismissed from the case and not subject to the injunction – agreed that:

> neither it, nor any of its officers, directors, employees, or agents, nor anyone else acting on its behalf, will at any time sell, offer for sale, market, promote, or incorporate into any product, any data derived from any database owned in whole or in part by Plaintiffs or any of their affiliates or subsidiaries.

The document makes clear that this commitment was in consideration for MassTech's agreement to dismiss its claims against The Marketplace Group and not to subject that entity to the injunction. As to Robert and Kevin Curran, however, the agreement plainly provides that they would enter into an Agreement for Judgment that would "consent to judgment against them, and that shall extend the terms of the preliminary injunction currently in force as a permanent injunction against Robert Curran, Kevin Curran, and any person acting in concert with either of them."

2

The preliminary injunction not only prohibited solicitation of MassTech's customers, a restriction that the Court has declined to make permanent, but also enjoined the defendants "from further use or dissemination of any database, customer list, or other confidential information and/or trade secrets of MTC." Order of April 13, 2003. MassTech plainly anticipated, and indeed the parties plainly agreed, that the prohibition on defendants' misappropriation of MassTech's property would be permanent.

Further, the clerk's notes from the settlement conference held on July 25, 2005 correctly note the discussion from that conference as indicating that the "[p]arties shall try to negotiate for a (2) two year limit *on paragraph (3)* of the preliminary injunction, *all other terms of the settlement agreement to remain*" (emphasis added). Paragraph (3) of the preliminary injunction is the provision relating to solicitation of MassTech's customers. There was never any suggestion that, either in the settlement agreement or the subsequent challenge to that agreement, defendants somehow were to acquire the right to steal data from MassTech's database for their own commercial purposes.

Accordingly, the version of the final judgment offered by the plaintiff – the typewritten version of the document submitted as an attachment to defendants' counsel's April 7 letter, without the handwritten comments – correctly states the parties' agreement, and correctly reflects the limited modification that the Court has ordered with regard to the solicitation provision.

MassTech does not agree, and will not, that defendants have any right to use MassTech's database for any purpose. That, after all, was the issue that prompted this action in the first place. The final judgment should enter in accordance with the typewritten document offered by the plaintiff.

If the Court, for whatever reason, is not inclined to order a permanent injunction against the use or dissemination of MassTech's database, customer list, and other confidential

3

information and trade secrets substantially as proposed in Paragraph 2(a) of the draft final judgment, then the essential terms of the settlement agreement between the parties will have been vitiated; plaintiff will not receive the benefit of its bargain from the settlement. This case cannot be settled on those terms, and in that event the settlement should be declared rescinded and litigation of the case will have to resume.

## CONCLUSION

For all of the foregoing reasons, defendants' objections to Paragraph 2(a) of the proposed permanent injunction should be rejected, and final judgment should enter in accordance with plaintiff's proposal.

MASSTECH COMMUNICATIONS, INC.

By its attorneys,

/s/ Mark W. Batten
Mark W. Batten
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
(617) 526-9850

Dated: April 10, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for the defendants through the Court's electronic filing system and by first-class mail, postage prepaid, this 10th day of April, 2006.

Mark W. Batten