IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSTECH COMMUNICATIONS, INC., )  | CIVIL ACTION |
| ) | NO.  04 CV 10604 NG |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANTS'** |
| ) | **REPLY TO** |
| ROBERT CURRAN, KEVIN CURRAN ) | **PLAINTIFF'S RESPONSE** |
| and THE MARKETPLACE GROUP, INC. ) | **CONCERNING** |
| ) | **PROPOSED** |
| Defendants. ) | **INJUNCTION** |
| ) | |
| ) | |

    Defendants Robert Curran, Kevin Curran, and The Marketplace Group, Inc. hereby reply to Plaintiff's Response Concerning Proposed Injunction, which Response was filed April 10, 2006.

    Defendants in no way wish to claim any "authorization" to "steal" MassTech's trade secrets.   The idea itself is absurd.   Plaintiffs will always be free to sue to vindicate any rights they feel have been violated by Defendants.   Language missing from the final Permanent Injunction cannot support any claim that the Defendants have been "authorized" to "steal" Plaintiff's trade secrets or its database.   Defendants are not so stupid as to rely upon such "authorization" by omission.   In any case, this Court would not grant or condone any such license to "steal".

    It is a simple problem that we seek assistance with:   Did the Court intend the end date of October 20, 2006 to apply to the entire new Permanent Injunction?   Or only to

the term concerning solicitation of MHT customers (new clause b in Draft) and (clause c in the P.I.)?

This Court found persuasive Defendants' argument at the February 27 Status Conference that the terms of the preliminary injunction (the "P.I.") should not be made permanent. When Defendants made that argument, they argued this applied to the entire injunction order. It is true that at various points in the argument, Defendants focused more specifically on different terms of the P.I. However, Defendants' position was always that the <u>entire order</u> should last a limited amount of time, preferably two years. (See, Defendants' Motion for Declaratory Relief ). Defendants understood by the end of the Conference that the Court agreed, but with the new termination date of October 20th.

Defendants' counsel kept notes of the status conference on February 27, 2006. Defendants' counsel noted there that the Court stated something close to "I won't make the P.I. permanent." At one point at the conference, the Court asked Plaintiff to explain "why do you need more than 2 years?" Defendants' counsel understood during the conference that everyone was discussing time limitations upon the P.I. as a whole, and nowhere in her notes is section (c) of the P.I. even specifically mentioned (the same is true of the terms contained in section (c)). Later in the discussion, Defendants sought the deletion of term (b) from the P.I. to which Plaintiff agreed. Furthermore, this counsel's notes show that as to P.I. term (a), the parties agreed on that date to insert "MTC" before the word "database".

Nowhere in this counsel's notes is there any reference to the time limitations on the terms of the P.I. being differentiated in any way, and Attorney Lovrien believes her memory of the express agreements made, and the Court's suggestions, are accurate.

Defendants have no wish to re-open any matters that have been decided.  The parties simply disagree as to the meaning and impact of the language in Draft Permanent Injunction, clause (a).  Defendants are concerned that the language of proposed (a) contains a loophole that may entitle Plaintiff to claim that any overlap between Plaintiff's database, and any future database of Defendants, is a violation of the Injunction even if inadvertent,  even if the data at issue were independently gathered by Defendants.  In other words, as Defendants argued in their Opposition to Plaintiff's Motion for Judgment, the present P.I. language is anti-competitive because it contains language vague enough to leave Defendants fearful of attempting to enter the same business as Plaintiff's. This is the reason Defendants agreed to the Court's proposal that the injunction (the entire injunction, we understood) terminate after October 20, 2006.

Furthermore, Plaintiff and Defendants agreed just last week to insert in new clause (b) the sentence "However, Robert Curran and Kevin Curran are not enjoined at any time from gathering data independently."   [This sentence actually better belongs in clause (a) and we suggest moving it accordingly.]

Therefore, Defendants request the Court to issue a Permanent Injunction that is effective only through October 20, 2006.

           Respectfully submitted,

           **/s/ Lucy D. Lovrien**
           Lucy D. Lovrien, Attorney at Law (BBO No. 555042)
           Ten Winthrop Square
           Boston, Massachusetts 02110
           Phone: (617) 423-4050
           Fax: (617) 617-426-5251

Dated:  April 13, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants On April 13, 2006.

                                        **/s/ Lucy D. Lovrien**
                                        Lucy D. Lovrien